UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
IN ADMIRALTY

CASE NO. _____

MARIA BOGLIOLI,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.,

    Defendant.
_____/

## COMPLAINT

Plaintiff sues Defendant and alleges:

### PRELIMINARY ALLEGATIONS

1. The Plaintiff, MARIA BOGLIOLI, is a citizen of Florida.

2. Defendant, ROYAL CARIBBEAN CRUISES LTD., is a foreign entity with its principal place of business in Florida.

3. This matter is being filed pursuant to Defendant's federal forum selection clause within its passenger ticket contract and, because there is no diversity among the parties, it is brought under the admiralty and maritime jurisdiction of the Court. This is an admiralty or maritime claim within the meaning of Rule 9(h).

4. Defendant, at all times material hereto, personally or through an agent:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Was engaged in substantial activity within this state;

c. Operated vessels in the waters of this state;

d. Committed one or more of the acts stated in Florida Statutes §§ 48.081, 48.181 and/or 48.193;

e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

f. Defendant was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel, the *Vision of the Seas*.

5. Defendant is subject to the jurisdiction of the Courts of this state.

6. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

7. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel, the *Vision of the Seas*.

8. On or about February 15, 2015, the Plaintiff was a paying passenger on Defendant's vessel, the *Vision of the Seas*, which was in navigable waters.

9. On or about February 15, 2015, the Plaintiff was severely injured when she fell on hidden and/or unmarked step(s) located at or around Deck 5.

## COUNT I – NEGLIGENCE

Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through nine (9) as though alleged originally herein.

10. It was the duty of Defendant to provide the Plaintiff with reasonable care under the circumstances.

- 3 -

11. On or about February 15, 2015, Defendant and/or its agents, servants, and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances.

12. On or about February 15, 2015, the Plaintiff was injured due to the fault and/or negligence of Defendant, and/or its agents, servants, and/or employees, as follows:

    a. Failure to utilize a reasonably safe flooring surface in light of the anticipated traffic on the steps and deck; and/or

    b. Failure to adequately mark the downward steps and/or changes in level so that they were readily apparent to the Plaintiff and other passengers and not hidden and/or camouflaged; and/or

    c. Failure to use contrasting flooring surfaces so as to make the change in level readily apparent to the Plaintiff and other passengers; and/or

    d. Failure to have adequate lighting at or around the subject steps and/or changes in level; and/or

    e. Failure to adequately warn the Plaintiff of the danger posed by the steps; and/or

    f. Failure to adequately warn the Plaintiff of other trip-and-fall accidents previously occurring on the same steps; and/or

    g. Failure to promulgate and/or enforce adequate policies and procedures to ensure that passengers like the Plaintiff are warned of the danger posed by the steps; and/or

    h. Failure to analyze prior trip-and-fall accidents aboard Defendant's vessels involving steps with the same or similar flooring surface and/or design as the subject steps so as to remedy such hazardous conditions; and/or

    i. Failure to analyze prior trip-and-fall accidents aboard Defendant's vessels involving unmarked and/or hidden and/or camouflaged steps so as to remedy such hazardous

conditions; and/or

j. Failure to correct hazardous conditions following prior trip-and-fall accidents on the same steps and/or deck; and/or

k. Failure to provide passengers like the Plaintiff with a reasonably safe stairway and/or walking surface and/or flooring surface; and/or

l. Failure to adequately inspect and/or maintain the subject steps in a reasonably safe condition, including, but not limited to, without trip-and-fall hazards; and/or

m. Failure to promulgate and/or enforce adequate policies and procedures to inspect and/or maintain the subject steps in a reasonably safe condition; and/or

n. Failure to incorporate applicable standards, including the Americans with Disabilities Act (ADA), to changes in level open to passengers like the Plaintiff.

13. All or some of the above acts and/or omissions by Defendant and/or its agents, servants, and/or employees, caused and/or contributed to the Plaintiff being severely injured when she fell on hidden and/or unmarked step(s) located at or around Deck 5.

14. Defendant knew of the foregoing conditions causing the Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.  Specifically, upon information and belief, prior to the Plaintiff's incident, other passengers aboard the *Vision of the Seas* were similarly injured falling on the same steps and/or other passengers aboard Defendant's cruise ships were similarly injured falling on the same or similar type of stairs with unmarked and/or hidden and/or camouflaged steps.  In addition, Defendant created the dangerous condition on subject staircase.

- 5 -

15. As a direct and proximate result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and Plaintiff's working ability has been impaired.  The injuries are permanent or continuing in nature, and the Plaintiff will suffer the losses and impairments in the future.  In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant.

Respectfully submitted,

LIPCON, MARGULIES,
ALSINA & WINKLEMAN, P.A.
*Attorneys for Plaintiff*
One Biscayne Tower, Suite 1776
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By: */s/ Jason R. Margulies*
**JASON R. MARGULIES**
Florida Bar No. 57916
jmargulies@lipcon.com
**JACQUELINE GARCELL**
Florida Bar No. 104358
jgarcell@lipcon.com